**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**FREDERICK BANKS**                                                                         **PLAINTIFF**

**VS.**                          **CIVIL ACTION NO. 5:09cv132-KS-MTP**

**BRUCE PEARSON, WARDEN**                                      **DEFENDANT**

### ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION DENYING THE PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGEMENT AND DISMISSING THE PLAINTIFF'S CLAIMS AGAINST MR. PETRIE WITH PREJUDICE

BEFORE THE COURT is the *pro se* Petition of Frederick Banks for a Writ of Habeas Corpus [1] (the "Petition") filed under 28 U.S.C. § 2241. Having considered the Petition, the Answer [8], the Reply [9], all matters made a part of the record in this case, as well as applicable law, this Court finds that the Petition should be dismissed with prejudice for lack of jurisdiction.

## I. PROCEDURAL HISTORY

Following a jury trial in the United States District Court for the Western District of Pennsylvania, Petitioner Frederick Banks was convicted of three counts of mail fraud, and one count each of copyright infringement, money laundering, uttering and possessing counterfeit and forged securities and witness tampering, and on February 25, 2005, he was sentenced to a total of sixty months, as well as restitution in the amount of $70,708.59. *See* Exh. 1 to Answer. Petitioner was thereafter tried and convicted in United States District Court for the Western District of Pennsylvania on eight counts of mail fraud and was sentenced on March 10, 2006 to a term of 63 months, to run consecutive to his previous sentence, as well as restitution in the amount of 15,100.10. *See* Exh. 2 to Answer.

Petitioner appealed his convictions to the United States Court of Appeals for the Third Circuit, which affirmed the District Court in both cases. *See U.S. v. Banks*, 300 Fed. Appx. 145 (3d Cir. 2008); *U.S. v. Vampire Nation*, 451 F.3d 189 (3d Cir. 2006). Petitioner filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 on the ground of ineffective assistance of counsel, which was denied in 2007. *See* Petition at 2. Petitioner filed the instant Petition on August 11, 2009, seeking to have his sentence reduced or vacated, pursuant to the Supreme Court's holding in *United States v. Santos*, 128 S.Ct. 2020 (2008). *See* Petition at 4. Respondent argues that this court lacks jurisdiction to review this section 2241 petition, as it is actually a section 2255 motion, and that Petitioner cannot proceed pursuant to section 2255's savings clause. Magistrate Judge Michael T. Parker filed his Report and Recommendation [10] in this case on November 20, 2009, and the Petitioner subsequently filed his Objection [11] to the Report and Recommendation on November 30, 2009. This Court will address the Petitioner's objections below.

## II. STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). *See also Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made."). Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are

frivolous, conclusive, or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997). No factual objection is raised when a petitioner merely reurges arguments contained in the original petition. *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

### III. PETITIONER'S OBJECTION AND ANALYSIS

In his objection [11], Petitioner Banks argues that the "Savings Clause" cannot be strictly applied to him because he is an American Indian and the statute does not contain the word "indian." Any discussion of this claim would be arbitrary. The Report and Recommendation [10] does not discuss the strict application of a statute. The Report and Recommendation does state that the Supreme Court's ruling in *Santos* must be narrowly construed because it was a plurality opinion. [10] "[B]ecause Santos was a plurality opinion, the holding of the Court for precedential purposes is the narrowest holding that garnered five votes." *U.S. v Howard*, 309 Fed. Appx. 760, at * 10 (4th Cir. Jan. 29, 2009), *cert. denied*, 2009 WL 1032948 (Oct. 5, 2009), *and cert. denied*, 2009 WL 1116314 (Oct. 5, 2009) (citing *Marks v. U.S.*, 430 U.S. 188, 193 (1977)). The narrowest holding in *Santos* is provided by Justice Stevens' concurrence, in which he writes that the "profits" definition of "proceeds" is limited to money laundering cases involving a gambling operation like the one in that case. *Id.* (citing *Santos*, 128 S.Ct. at 2031). *See also U.S. v. Brown*, 553 F.3d 768, 783 (5th Cir. 2008), *cert. denied*, 129 S.Ct. 2812 (June 15, 2009), *and cert. denied*, 2009 WL 2058230 (Oct. 5, 2009).

Petitioner Bank's second objection is irrelevant to the Petition at bar. Regardless of whether his property was or was not improperly forfeited due to some protection he may or may not have or have had as an American Indian and since his § 2241 petition cannot proceed under

3

the "Savings Clause", his petition is improper and must be dismissed because this Court lacks the jurisdiction to construe his § 2241 petition as a § 2255 petition because the Third Circuit has not authorized Banks to file a successive § 2255 petition. Even if the Third Circuit had authorized Banks to file a successive § 2255 petition, such a petition would have to be filed in the court that convicted and sentenced the inmate. In this case, that court would the Federal District Court for the Western District of Pennsylvania. *Escamilla v. Warden USP Beaumont*, 31 Fed. Appx. 155, at * 1 (5th Cir. Dec. 12, 2001) (citing *Ojo v. INS,* 106 F.3d 680, 683 (5th Cir. 1997)).

### IV. CONCLUSION

As required by 28 U.S.C. § 636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objection. For the reasons set forth above, this Court concludes that Banks' objection lacks merit and should be overruled. The Court further concludes that the Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves, and adopts the Magistrate Judges's factual findings and legal conclusions contained in the Report and Recommendation. Accordingly, it is ordered that the United States Magistrate Judge Michael T. Parker's Report and Recommendation is accepted pursuant to 28 U.S.C. § 636(b)(1) and that Frederick Banks' Petition for Writ of Habeas Corpus [1] is hereby **dismissed with prejudice** for lack of jurisdiction.

SO ORDERED AND ADJUDGED on this, the 16th day of July, 2010.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE